IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 20-04147 |
| | ) | |
| Lequawna D Lewis | ) | Chapter 13 |
| | ) | |
| | ) | Judge:   Deborah L. Thorne |
| Debtor(s) | ) | |

TO:   Trustee Marilyn Marshall, 224 S. Michigan Ave., #800, Chicago, IL 60604;

See attached service list.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached Amended Chapter 13 Plan to the above-named creditor and also to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 4131 Main St. Skokie, IL 60076, on March 26, 2020.


/s/ *David H. Cutler*
Attorney for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 20-04147<br>Northern District of Illinois<br>Eastern Division<br>Thu Mar 26 16:43:49 CDT 2020 | Atlas Acquisitions LLC<br>294 Union St.<br>Hackensack, NJ 07601-4303 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 | Acceptance Now<br>Attn: Acceptancenow Cust Service<br>5501 Headquarters Dr<br>Plano, TX 75024-5837 | Chrysler Captial<br>PO Box 961275<br>Fort Worth, TX 76161-0275 |
| City of Chicago<br>c/o Arnold Scott Harris PC<br>111 W Jackson Blvd Ste 400<br>Chicago, IL 60604-4135 | First Premier Bank<br>1620 Dodge Street<br>Stop Code 3105<br>Omaha, NE 68197-0003 | Honor Finance<br>Att: Bankruptcy<br>1731 Central St.<br>Evanston, IL 60201-1507 |
| Illinois Toll Way Authority<br>Att: Bankruptcy Dept.<br>PO Box 5544<br>Chicago, IL 60680-5491 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | LVNV Funding<br>c/o Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Merchants Credit Guide Co.<br>223 W Jackson Blvd. #700<br>Chicago, IL 60606-6914 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 |
| Santander Consumer USA Inc.<br>an Illinois corporation<br>d/b/a Chrysler Capital<br>PO Box 961275<br>Fort Worth, TX 76161-0275 | (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | Steven J. Fink & Associates,<br>25 E Washington St. Ste 1233<br>Chicago, IL 60602-1876 |
| Swanson & Desai<br>2314 W North Ave. Unit C-1W<br>Chicago, IL 60647-6267 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Traf Group Inc<br>dba Waterfall Revenue Group<br>2297 State Highway 33<br>Suite 906<br>Hamilton Square NJ 08690-1717 |
| US Department of Education<br>121 S 13th St Ste 201<br>Lincoln, NE 68508-1911 | Varius Holdings LLC<br>PO Box 1931<br>Burlingame, CA 94011-1931 | David H Cutler<br>Cutler & Associates, Ltd.<br>4131 Main St.<br>Skokie, IL 60076-2780 |
| Lequawna D Lewis<br>PO Box 242<br>Bloomingdale, IL 60108-0242 | Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604-2503 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems LLC<br>16 McLEdland Rd.<br>Saint Cloud, MN 56303 | (d)Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 | (d)Jefferson Capital Systems, LLC<br>PO BOX 7999<br>Saint Cloud, MN 56301 |
| Portfolio Recovery<br>Po Box 41067<br>Norfolk, VA 23541 | Sprint<br>Att: Bankruptcy<br>PO Box 7949<br>Overland Park, KS 66207 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Atlas Acquisitions LLC             End of Label Matrix
294 Union St.                         Mailable recipients    26
Hackensack, NJ 07601-4303             Bypassed recipients     1
                                      Total                  27

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Lequawna D Lewis** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** | | |
| Case number: | **20-04147** | | |
| (If known) | | | |

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.2, 2.3**

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

**$455.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

■   Debtor(s) will make payments pursuant to a payroll deduction order.
☐   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐   Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Lequawna D Lewis** | Case number | **20-04147** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

■ Debtor(s) will treat income refunds as follows:
**On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor(s) shall tender the amount of any tax refund received while the case is pending in excess of $1,200.00 to the Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor(s).**

**2.4  Additional payments.**
*Check one.*
■ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>27,300.00</u>.

### Part 3:  Treatment of Secured Claims

**3.1   Maintenance of payments and cure of default, if any.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Chrysler Captial** | $26,705.00 | **2017 Jeep Patriot 51,538 miles Valued via KBB on 7/30/19** | $11,800.00 | $0.00 | $11,800.00 | 7.00% | $233.65 | $14,019.00 |

*Insert additional claims as needed.*

| Debtor | **Lequawna D Lewis** | Case number | **20-04147** |
|---|---|---|---|

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**2,730.00**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,411.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☐ The sum of $_____.
- ■ ____**11.00**____% of the total amount of these claims, an estimated payment of $__**6,140.00**__.
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__**0.00**__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

Debtor    **Lequawna D Lewis**                                    Case number    **20-04147**

**5.3    Other separately classified nonpriority unsecured claims.** *Check one*.

■    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

■    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐    plan confirmation.
■    entry of discharge.
☐    other: _____

| Part 8: | Nonstandard Plan Provisions |

**8.1    Check "None" or List Nonstandard Plan Provisions**
■    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | Signature(s): |

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Lequawna D Lewis**                           X    _____
     **Lequawna D Lewis**                                     Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **March 26, 2020**                        Executed on    _____

X    **/s/ David H. Cutler**                            Date    **March 26, 2020**
     **David H. Cutler**
     Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Lequawna D Lewis** | Case number | **20-04147** |
|---|---|---|---|

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $14,019.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $7,141.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $6,140.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | $27,300.00 |